[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 683.]

ELKEM METALS COMPANY, LIMITED PARTNERSHIP, APPELLEE, *v.*
WASHINGTON COUNTY BOARD OF REVISION ET AL.; WARREN LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION, APPELLANT.
[Cite as *Elkem Metals Co., L.P. v. Washington Cty. Bd. of Revision*, 1998-
Ohio-601.]

*Taxation—Real property valuation—Complaint dismissed, when—"Filing" for
purposes of the prohibition of R.C. 5715.19(A)(2) against a second filing in
the same interim period, construed and applied.*

(No. 97-1088—Submitted January 27, 1998—Decided May 13, 1998.)

APPEAL from the Board of Tax Appeals, No. 95-T-719.

———————————

{¶ 1} On February 24, 1995, Elkem Metals Company, Limited Partnership ("Elkem"), appellee, filed a real property valuation complaint for tax year 1994 with the Washington County Board of Revision ("BOR"). In response, the Board of Education of Warren Local School District ("BOE"), appellant, filed a counter-complaint, which it later amended. On March 30, 1995, Elkem filed an amended complaint and a counter-complaint.

{¶ 2} The BOE filed a motion with the BOR to dismiss Elkem's complaint, claiming that Elkem lacked standing to file. The BOE alleged that Elkem had filed a prior complaint in the same interim period and the 1994 complaint had not alleged any of the circumstances specified in R.C. 5715.19(A)(2)(a) through (d).

{¶ 3} For tax year 1993, Elkem had filed a real property valuation complaint and was granted some reduction in valuation by the BOR. Elkem filed an appeal with the Washington County Common Pleas Court, seeking additional reduction (case No. 94-AA-233). The BOE filed a motion to dismiss with the common pleas court, alleging that Elkem's complaint had failed to state the amount of decrease it

was seeking or any basis for claiming a reduction. The common pleas court sustained the BOE's motion and dismissed the appeal and the 1993 complaint for lack of "subject matter jurisdiction to consider the merits of this case." No further appeal was taken.

{¶ 4} As to the 1994 complaint, after a hearing the BOR sustained the BOE's motion and dismissed Elkem's 1994 complaint because "a complaint was filed for a prior tax year within the same interim period." At the same time, the BOR also dismissed the BOE's counter-complaint.

{¶ 5} Elkem appealed to the BTA, where Elkem argued that the 1993 complaint was not an effective complaint and, therefore, could not be considered a "filing" for purposes of R.C. 5715.19(A)(2). The BTA agreed and reversed the BOR, finding that the 1993 complaint was void *ab initio* "because it failed to comport with the statutory requirements that are necessary for the filing of a proper complaint." Thus, the BTA concluded that Elkem had standing to file the 1994 complaint.

{¶ 6} The BOE filed a notice of appeal with this court. The Washington County Auditor, joined by the BOR, filed a separate notice of appeal with this court. The appeal of the Washington County Auditor and the BOR was dismissed for want of prosecution.

{¶ 7} This cause is now before the court upon an appeal as of right.

———————————

*Theisen, Brock, Frye, Erb & Leeper Co., L.P.A.,* and *James S. Huggins*, for appellee.

*Bricker & Eckler LLP, Charles F. Glander* and *Mary W. Leslie*, for appellant.

———————————

***Per Curiam.***

**{¶ 8}** R.C. 5715.19(A)(2), provides:

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances * * *:

"(a) The property was sold in an arm's length transaction as described in section 5713.03 of the Revised Code;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property."

**{¶ 9}** None of the circumstances set forth in R.C. 5715.19(A)(2)(a) through (d) was alleged in the complaint filed by Elkem for tax year 1994. Moreover, tax years 1993 and 1994 were in the same interim period within the meaning of R.C. 5715.19(A)(2), and the 1993 and 1994 complaints concerned the same property.

**{¶ 10}** The BOE contends that the complaint filed by Elkem for tax year 1993 constitutes a complaint filed within the same interim period, despite being dismissed, and, therefore, the complaint filed for tax year 1994 is prohibited by R.C. 5715.19(A)(2).

**{¶ 11}** Elkem, on the other hand, contends that a dismissed property valuation complaint does not constitute a "filing" for the purposes of the prohibition of R.C. 5715.19(A)(2) against a second filing in the same interim period.

**{¶ 12}** In *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E.2d 1143, a real property valuation complaint for tax year 1990 was dismissed for lack of standing. Tax year 1990 was the first year of the interim period. Gammarino filed another complaint for tax year 1991 and it was dismissed by the board of revision for lack of prosecution. Gammarino appealed the dismissal

of the 1991 complaint to the BTA, where the county auditor moved to dismiss it under R.C. 5715.19(A)(2). Gammarino's 1991 complaint did not allege any of the special circumstances enumerated in R.C. 5715.19(A)(2)(a) through (d). The BTA denied the auditor's motion, finding the board of revision lacked the authority to dismiss the complaint.

{¶ 13} On appeal, we reversed the BTA's decision. We stated that "R.C. 5715.19(A)(2) clearly provides that only one complaint can be filed during each interim period absent any showing of a change in circumstances as described in R.C. 5715.19(A)(2)(a) through (d)." *Id.* at 389, 643 N.E.2d at 1144.

{¶ 14} In the current matter, the BTA held that the 1993 complaint filed by Elkem was void *ab initio*, a nullity, thereby finding that there was no filing for tax year 1993. We disagree and reverse.

{¶ 15} In *Seventh Urban, Inc. v. Univ. Circle Prop. Dev., Inc.* (1981), 67 Ohio St.2d 19, 22, 21 O.O.3d 12, 14, 423 N.E.2d 1070, 1073, we stated that jurisdiction is the authority to hear and determine a cause. See, also, *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494; *State v. King* (1957), 166 Ohio St. 293, 2 O.O.2d 200, 142 N.E.2d 222. The jurisdiction for boards of revision is set forth in R.C. 5715.01 and 5715.11. R.C. 5715.01 provides, "There shall also be a board in each county, known as the county board of revision, which shall hear complaints and revise assessments of real property for taxation." R.C. 5715.11 provides, "The county board of revision shall hear complaints relating to the valuation or assessment of real property * * *. The board shall investigate all such complaints and may increase or decrease any such valuation * * *."

{¶ 16} A review of the applicable statutes set forth above shows that a board of revision has been given jurisdiction to hear and rule on complaints submitted to it. As part of its jurisdiction to hear and rule on complaints, a board of revision must undertake a two-step analysis. First, the board of revision must examine the complaint to determine whether it meets the jurisdictional requirements set forth by

the statutes. Second, if the complaint meets the jurisdictional requirements, then the board of revision is empowered to proceed to consider the evidence and determine the true value of the property.

{¶ 17} The statutory requirements for filing and filling out a complaint are contained in R.C. 5715.13 and 5715.19. In *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O.2d 296, 298, 313 N.E.2d 14, 16, we stated that "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Thus, only after a board of revision determines that the complaint meets the jurisdictional requirements can it proceed to the second step to determine the case on the merits. If the complaint does not meet the jurisdictional requirements, then the board of revision must dismiss it because the complaint has not invoked the board's power to proceed to a consideration of the merits.

{¶ 18} Elkem's 1993 complaint was determined by the common pleas court not to be filled out properly and, therefore, the BOR was not empowered to proceed to determine the merits of the case. The fact that the BOR was not empowered by Elkem's 1993 complaint to proceed to the second step to decide the merits does not mean that it did not have jurisdiction to determine whether the complaint met the jurisdictional requirements.

{¶ 19} In *Sheldon's Lessee* this court stated, "If the court had jurisdiction of the subject matter, and the parties, it is altogether immaterial how grossly irregular, or manifestly erroneous, its proceedings may have been; its final order cannot be regarded as a nullity, and cannot therefore, be collaterally impeached." *Id.* at 498. The BTA's decision in this matter has the effect of declaring all the proceedings, as regards the 1993 complaint, void and a nullity. The BTA's decision is erroneous because the BOR had jurisdiction to determine whether the 1993 complaint met the jurisdictional requirements. The filing of a complaint with a board of revision invokes its jurisdiction to rule whether the complaint meets the jurisdictional

requirements. A board of revision's decision as to whether a complaint meets the jurisdictional requirements, while voidable, is not void and likewise the complaint is not void *ab initio*.

{¶ 20} Turning now to a consideration of Elkem's 1994 complaint, we conclude that our decision here must turn upon the meaning of the word "filed" as used in R.C. 5715.19(A)(2).

{¶ 21} In *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 5 O.O. 142, 200 N.E. 636, we considered a statute that required preference claims to be filed within a certain period of time. In determining what the word "filed" meant, we cited at 497-498, 5 O.O. at 144, 200 N.E. at 637, definitions for the words "file" and "filed" from several different sources, all of which could be summed up by the quotation quoted from *United States v. Lombardo* (1916), 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897, 898, that " '[a] paper is filed when it is delivered to the proper official and by him received and filed.' " Thus, when Elkem delivered its complaint for tax year 1993 to the BOR, it "filed" a complaint.

{¶ 22} In commenting on an exception to the four-year statute of limitations for making sales tax assessments, applicable when a vendor fails to file a return, we stated in *Petrarca v. Peck* (1953), 159 Ohio St. 377, 379, 50 O.O. 333, 334, 112 N.E.2d 378, 379, that the phrase "failure 'to file a return,' means failure to file *any* return, not an accurate or perfect return." (Emphasis in original.) Likewise, in this case we believe that the relevant factor is the fact that a prior complaint was *filed*, not whether the prior complaint was accurate or perfect.

{¶ 23} While our reading of R.C. 5715.19(A)(2) makes the filing of a complaint with a board of revision the relevant factor for determining whether a complaint has been "filed," Elkem argues that we should ignore its first filing because it was dismissed for jurisdictional reasons, and therefore was a nullity. We do not find any wording in R.C. 5715.19(A)(2) or in any of the circumstances set forth in subparagraphs (a) through (d) wherein a second complaint is permitted to

be filed in the same interim period if the first complaint was dismissed for jurisdictional reasons.

{¶ 24} Elkem finally argues that by dismissing the second complaint, it is being denied a determination on the merits. Specifically, Elkem states that the purpose of R.C. 5715.19(A)(2) is to provide at least one merit hearing in a triennium. We cannot accept such an interpretation. We find nothing in R.C. 5715.19(A)(2) that would support Elkem's interpretation. We cannot ignore the statute as written. *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 631-632, 64 N.E. 574, 577.

{¶ 25} Accordingly, we hold that the decision of the BTA allowing Elkem to file its 1994 complaint was unreasonable and unlawful, and it is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____