Appellant, Janet D. Gibson, appeals from a decision of the Franklin County Court of Common Pleas that affirmed a decision of the Franklin County Board of Revision ("BOR"), that retroactively determined the valuation of appellant's property for the tax years 1994 and 1995 to be $303,300.
The facts giving rise to this appeal were stipulated by the parties and are undisputed. Appellant is the owner of real property designated as parcel No. 025-9231 located in the city of Gahanna, Franklin County, Ohio. Appellant acquired the property from Willis Builders, Inc., by deed dated July 2, 1993. The sale price for the property, which included a dwelling, was $303,274. On June 17, 1993, as part of the 1993 triennial reappraisal conducted in Franklin County, the property was appraised by an independent appraiser retained by Franklin County. The appraiser determined that the dwelling was under construction and was seventy-five percent complete as of June 17, 1993. The appraiser estimated that, as of January 1, 1993, the dwelling was twenty percent complete. The appraiser valued the dwelling at $40,000 and the land at $100,000 as of January 1, 1993. The appraiser directed that the property should be rechecked in 1994 for reappraisal after completion of the dwelling. The auditor did not conduct a recheck on the subject property in 1994 or 1995. During tax years 1994 and 1995 the property continued to be valued at $140,000 for property tax purposes.
On or about January 31, 1996, the auditor discovered that no recheck had been conducted on the subject property, and requested that an appraisal be made. On February 1, 1996, a special review appraisal was conducted of the property. The appraiser determined that the dwelling was one hundred percent complete and that the appraisal value of the property was $305,000.
By letter dated April 2, 1996, appellant was notified that it was discovered that a portion of her property "has not been valued for tax purposes or a clerical error was made." As a result of the notification, the auditor corrected the tax amount retroactively for tax years 1994 and 1995. The taxes assessed are the difference between the appraised value of the property between January 1, 1993 and December 31, 1995 ($140,000), and the appraised value as of January 1, 1996 ($305,000). Appellant paid all taxes for tax years 1994 and 1995 based on the $140,000 appraised value.
On April 22, 1996, the Franklin County Treasurer notified appellant that, pursuant to the provisions of R.C. 5713.20, the auditor had certified additional taxes for 1994 and 1995 as a result of property omitted from the tax list of real property. Appellant timely filed a complaint with the Board of Revision seeking to return the assessed value of the property for 1994 and 1995 to the 1993 value of $140,000. The Board, by decision mailed April 1, 1997, decreased the value of the property by $1,700 to $303,300.
Appellant filed a notice of appeal with the Franklin County Court of Common Pleas pursuant to R.C. 5717.05. Appellant did not appeal the valuation assigned to the property, $303,300, but asserted in the notice of appeal that the auditor and BOR erred in finding the property was omitted property. Appellant also filed an action, pursuant to R.C. 2723.01, to enjoin the collection of an illegally assessed tax and apparently that action remains pending.
The trial court found that, while there was no omission of the property, there was a failure to include a betterment of the property and affirmed the valuation assigned to the property by the BOR.
Appellant has appealed and sets forth the following assignment of error:
 "The Court of Common Pleas erred as a matter of law in holding that R.C. 5713.21 authorizes the County Auditor to retroactively assess taxes for prior tax years 1994 and 1995 in the absence of clerical error under R.C. 5713.19 or omitted property under R.C. 5713.20."
Prior to addressing the merits of appellant's assignment of error, we must determine whether, in an appeal from a decision of the BOR pursuant to R.C. 5717.05, the common pleas court had jurisdiction to address any issue other than the valuation assigned to the property.
The jurisdiction for boards of revision is set forth in R.C.5715.01 and 5715.11. Elkem Metals Co., L.P. v. Washington Cty.Bd. Of Revision (1998), 81 Ohio St.3d 683, 686:
 "* * * R.C. 5715.01 provides, 'There shall also be a board in each county, known as the county board of revision, which shall hear complaints and revise assessments of real property for taxation.' R.C. 5715.11 provides, 'The county board of revision shall hear complaints relating to the valuation or assessment of real property * * *. The board shall investigate all such complaints and may increase or decrease any such valuation * * *.'
 "* * * As part of its jurisdiction to hear and rule on complaints, a board of revision must undertake a two-step analysis. First, the board of revision must examine the complaint to determine whether it meets the jurisdictional requirements set forth by the statutes. Second, if the complaint meets the jurisdictional requirements, then the board of revision is empowered to proceed to consider the evidence and determine the true value of the property."
R.C. 5715.13 and 5715.19 contain the statutory requirements for filing and filling out a complaint. "[F]ull compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim."Stanjim Co. v. Bd. of Revision (1974), 38 Ohio St.2d 233, 235.
 "* * * Thus, only after a board of revision determines that the complaint meets the jurisdictional requirements can it proceed to the second step to determine the case on the merits. If the complaint does not meet the jurisdictional requirements, then the board of revision must dismiss it because the complaint has not invoked the board's power to proceed to a consideration of the merits." Elkem Metals, at 686.
Appellant's complaint filed in common pleas court did not dispute the value assessed, but, rather, disputed the auditor's determination that the property was omitted property. Appellant, in her appeal, has not raised any issue as to the valuation assigned to the property. The trial court noted appellees' argument that appellant should have brought suit under R.C. 2723.01, rather than R.C. 5717.05. The trial court found that "[w]hile there may be technical validity to the Board's argument, this Court's jurisdiction is general, the legal contentions are briefed and fully explored, and the Court finds that no advantage would be gained by dismissing the appeal and granting leave to offer the same sum and substance in an action to enjoin." While the trial court's decision may have been pragmatic, nonetheless it was without jurisdiction to address the issues appellant attempted to raise in her appeal from the BOR's decision because the BOR has no authority to decide any issue other than the valuation of property. As the Board of Tax Appeals concluded in Complete General Constructionv. Bd. Of Revision of Franklin Cty. (July 22, 1987), BTA No. 85-E-204, unreported:
 "The Franklin County Auditor made a determination that the property herein was omitted property and added it to the tax list pursuant to section 5713.20. This determination cannot be appealed to the Board of Revision under Revised Code section 5715.19. Should the appellant wish to appeal the auditor's determination that the property was in fact omitted property a complaint in common pleas court can be filed to enjoin the collection of illegally assessed taxes pursuant to Revised Code section 2723.01."
Therefore, appellant's assignment of error is overruled and the decision of the trial court is affirmed, but only to the extent it affirmed the valuation of appellant's property as $303,300. Whether the valuation may be applied to the 1994 and 1995 tax years was not an issue properly before the court and this matter is remanded to the trial court with instructions to vacate that portion of its judgment.
Judgment affirmed in part, reversed in part and remanded withinstructions.
BRYANT and DESHLER, JJ., concur.