Plaintiff-appellant, General Electric Company ("G.E."), appeals from the decision of the Hamilton County Court of Common Pleas that upheld the determination of defendant-appellee the Hamilton County Board of Revision ("BOR") to dismiss a collective set of complaints filed by G.E. in 1995 regarding the assessment of certain real property for the 1994 tax year. The BOR dismissed the complaints on the basis that the filing of the complaints constituted a prohibited second filing on the same real estate within the same triennium pursuant to R.C. 5715.19(A)(2), which provides for the filing of only one complaint against the valuation or assessment of property in an interim period, unless one of the four exceptions set forth in the statute occurs after the first filing. None of the statutory exceptions contained in R.C. 5715.19(A)(2) was alleged on the face of the second filing by G.E.
The tax complaints challenged the county's tax assessment of G.E.'s Evendale, Ohio, facility. This facility sits on a large tract of land, and portions of the plant are located in the Lockland, Princeton and Reading School Districts.[1] In March 1994, G.E. filed collective complaints challenging the 1993 property tax assessment with respect to multiple parcels of land at its Evendale plant. The BOR set an October 11, 1994, hearing date on the complaints. In letters dated September 7, 1994, and October 5, 1994, G.E. notified the BOR that it was withdrawing the property tax protests, but indicated that it would again submit its tax-valuation challenges in the beginning of 1995. G.E. stated in the letters that its decision to delay the filing of the tax complaints by one year was based on its desire to be a "good community citizen" and thus allow the affected school districts sufficient time to plan for the anticipated decrease in tax revenue.
As expected, in March 1995 G.E. filed the tax-assessment complaints that it had withdrawn in the previous year for the same property, seeking to have the value of these parcels reduced for tax year 1994. The BOR dismissed the 1995 filing on the basis that it was the second filing in an interim period without the showing of any of the statutory exceptions set forth in R.C.5715.19(A)(2). This decision was affirmed by a common pleas court magistrate, whose decision was, in turn, affirmed by the trial court. G.E. has timely appealed the lower court's decision and now presents two assignments of error for our review.
The first assignment of error asserts that the trial court erred in determining that the filing of the complaints in 1995 for the 1994 tax year constituted a prohibited second filing within the same triennial period.
R.C. 5715.19(A)(2) provides:
 No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint.
 (a) The property was sold in an arm's length transaction, as described in section 5713.03
of the Revised Code;
(b) The property lost value due to some casualty;
 (c) Substantial improvement was added to the property;
 (d) An increase or decrease of at least fifteen percent in the property's occupancy has had a substantial economic impact on the property.
 It is undisputed in the case before us that none of the circumstances set forth in R.C. 5715.19(A)(2)(a) through (d) was alleged in the complaint filed by G.E. in 1995 for the tax year 1994. Moreover, tax years 1993 and 1994 were in the sameinterim period within the meaning of R.C. 5715.19(A)(2), and the 1993 and 1994 complaints essentially concerned the same property.[2]
The defendants-appellees contend that the collective complaints filed by G.E. for the tax year 1993 constituted a "filing" within the meaning of R.C. 5715.19(A)(2) despite being withdrawn by G.E., and that, therefore, the complaints filed in 1995 for the tax year 1994 were prohibited as a second filing within the same interim period under R.C. 5715.19(A)(2).
G.E., on the other hand, maintains that its voluntarily withdrawn property-valuation complaints in 1994 for the 1993 tax year were a nullity and, therefore, could not be considered a "filing." It is G.E.'s position that the 1995 tax complaints regarding the 1994 tax year constituted the first "real" filing of complaints for purposes of the prohibition of R.C. 5715.19(A)(2) against a second filing in the same interim period.
We are persuaded by the position taken by G.E., as we recognize a distinction, for purposes of R.C. 5715.19(A)(2)'s application, between a complaint that has been voluntarily "withdrawn" by a property owner and a complaint that has been "dismissed" by a board of revision. Moreover, unlike the lower court, we conclude that Gammarino v. Hamilton Cty. Bd. Of Revision
(1994), 71 Ohio St.3d 388, 643 N.E.2d 1143, is factually distinguishable, and, resultantly, we conclude that the holdings in Gammarino and its progeny, Elkum v. Washington Cty. Bd. OfRevision (1998), 81 Ohio St.3d 683, 693 N.E.2d 276, do not govern the case before us.
In Gammarino, the Ohio Supreme Court essentially determined that a complainant's burden of proving one of the exceptions enumerated in R.C. 5715.19(A)(2)(a) through (d) prior to the filing of a second complaint in the same triennium is a jurisdictional threshold issue.
In Gammarino, the property owner filed a valuation complaint with the board of revision with respect to the 1990 tax year, which was the first year of a triennium. The board of revision considered the complaint and dismissed it for lack of standing. The property owner filed another complaint for tax year 1991, and it was dismissed by the board of revision for lack of prosecution. The property owner appealed the dismissal of the 1991 complaint to the board of tax appeals, where the county auditor moved to dismiss it under 5715.19(A)(2) because it failed to allege any of the circumstances set forth in R.C. 5715.19(A)(2)(a) through (d). The board of tax appeals denied the auditor's motion, finding that the board of revision lacked the authority to dismiss the complaint. The board of tax appeals reinstated the complaint and remanded the case to the board of revision for a determination of value. On appeal, the Ohio Supreme Court reversed the tax board's decision and held that the property owner's complaint should have been dismissed pursuant to R.C. 5715.19(A)(2), stating specifically that:
 R.C. 5715.19(A)(2) clearly provides that only one complaint can be filed during each interim absent any showing of a change in circumstances as described in R.C. 5715.19(A)(2)(a) through (d). [The owner] never disputed that he had filed two complaints within the same interim period, and in his second complaint he failed to assert the applicability of any of the circumstances enumerated in R.C. 5715.19(A)(2)(a) through (d). Therefore, the BTA erred in failing to grant the auditor's motion to dismiss [the property owner's] complaint on the basis that a complaint for the first year of the same triennium had already been filed.
 Gammarino, at 389-390, 643 N.E.2d at 1144.
In Elkem Metals Co. v. Washington Cty. Bd. Of Revision
(1998), 81 Ohio St.3d 683, 693 N.E.2d 276,[3] the Ohio Supreme Court set forth a two-step test that a board of revision must undertake in determining whether it has jurisdiction to hear and rule on tax-assessment complaints. The court, in essence, concluded that a board of revision has jurisdiction to determine whether a complaint conforms to the statutory mandates that empower the board of revision to consider a tax complaint on its merits and determine the true value of the property.
In Elkem, a corporation had filed a property-valuation complaint for tax year 1994. This complaint was opposed by the local board of education, which argued that the corporation lacked standing under R.C. 5715.19(A)(2) to file the complaint because it had filed a previous tax-reduction complaint in the same interim period.
The previous complaint had been filed by the corporation for the 1993 tax year. The company was granted some reduction in valuation by the board of revision pursuant to this complaint. The company then filed an appeal with the Washington County Common Pleas Court seeking an additional reduction in its tax burden. The board of education filed a motion to dismiss the complaint on the basis that it failed to state the amount of decrease that the corporation was seeking or any basis for claiming a reduction. The common pleas court sustained the board of education's motion and dismissed the appeal and the 1993 complaint for lack of subject-matter jurisdiction to consider the merits.
When the company then filed the complaint for the 1994 tax year, the board of revision dismissed the complaint due to the fact that the corporation had already filed a complaint-the 1993 complaint-in the same interim period. The corporation appealed to the board of tax appeals and maintained that because the 1993 complaint was not an effective complaint, it, therefore, was not a "filing" under 5715.19(A)(2). The board of tax appeals agreed and concluded that the 1993 compliant was void ab initio because it failed to comport with the statutory requirements for filing a proper tax complaint and that, therefore, the corporation had standing to file the 1994 tax complaint. The board of education then appealed to the Supreme Court of Ohio, which reversed the decision of the board of tax appeals.
The Ohio Supreme Court held that, as part of its jurisdiction to hear and rule on complaints submitted to it, a board of revision should undertake a two-step analysis. First, the board of revision must examine the complaint to determine whether statutorily imposed jurisdictional requirements have been satisfied. If the complaint fails to meet the jurisdictional requirements contained in R.C. 5715.13 and 5715.19, the board of revision must dismiss it, because the complaint has not invoked the board's power to proceed to a consideration of the merits, the second step under the two-step analysis, where the evidence is considered and the true value of the property is determined. Id. at 686, 693 N.E.2d at 278.
The supreme court then went on to hold that the filing of a complaint invokes a board of revision's jurisdiction to rule whether the complaint meets the jurisdictional requirements and that the delivery of a tax complaint to the board of revision constitutes a "filing" for purposes of the application of the prohibition against a second filing in the same interim period pursuant to R.C. 5715.19(A)(2). In rejecting the board of tax appeals' ultimate conclusion that the first filing should have been ignored because it was dismissed for jurisdictional reasons and, therefore, a nullity, the court stated:
 * * * [T]he relevant factor is the fact that a prior complaint was filed, not whether the prior complaint was accurate or perfect.
* * *
 The [board of tax appeals] decision in this matter has the effect of declaring all proceedings, as regards the 1993 complaint, void and a nullity. [Such a] decision is erroneous because the [board of revision] had jurisdiction to determine whether the 1993 complaint met the jurisdictional requirements. The filing of a complaint with a board of revision invokes its jurisdiction to rule whether the complaint meets the jurisdictional requirements. A board of revision's decision as to whether a complaint meets the jurisdictional requirements, while voidable, is not void and likewise the complaint is not void ab initio.
 Id. at 687, 693 N.E.2d at 278-279.
The case before us differs significantly from Gammarino andElkem. In both Gammarino and Elkem, the board of revision, at the very least, examined the initial tax-valuation complaint to determine whether jurisdictional requirements were satisfied. InGammarino, the board of revision reviewed the first tax complaint and then dismissed it for lack of standing. In Elkem, the Ohio Supreme Court held that the board of revision's finding that a complaint failed to satisfy the jurisdictional mandates of R.C.5715.19 and 5715.13 prevented the board of revision from proceeding to the next step of assessing the evidence on its merits and determining a tax value.
However, according to Elkem, a determination by the board of revision that a complaint does not comport with the jurisdictional requirements does not mean that the complaint itself is void so as to allow the property owner to file another complaint on the same property in the same triennium and thus circumvent the prohibition set forth in R.C. 5715.19(A)(2). In the case before us, no such evasion of the statutory prohibition against a second filing occurred. G.E. withdrew its initial 1993 tax-year complaints before the administrative review process ever began. The BOR did not have an opportunity to take the first step to determine if it even had jurisdiction over the complaints. Thus, the BOR did not hear the case, it did not determine a value, and it did not dismiss the complaints. The BOR merely set a hearing date for the case. G.E. withdrew its complaints prior to any rudimentary action being taken by the BOR on them.
While we are aware that Elkem states that the delivery of a complaint to the board of revision constitutes a "filing" under R.C. 5715.19(A)(2), we believe that this portion of the court's holding was intended, logically, to be limited to factual situations such as Elkem's, where a reviewing tribunal assesses a tax complaint, finds that it is deficient on a jurisdictional basis and, properly, dismisses it. Clearly, the holding in Elkem
was pronounced to prevent a property owner from re-filing within the same triennium a tax-assessment complaint that has previously been found to be jurisdictionally defective. In the case before us, the BOR did not have an opportunity to make any jurisdictional evaluation regarding the 1993 tax complaints due to the simple fact that G.E. withdrew the complaints from consideration before any review of the complaints was made.
Accordingly, we hold that because G.E. voluntarily withdrew its 1993 tax-year complaints prior to any assessment by the BOR as to whether the complaints met the jurisdictional requirements set forth by the statutes, the 1993 tax complaints were void. Therefore, the tax complaints filed by G.E for the 1994 tax year should not have been dismissed as an improper second filing under R.C. 5725.19(A)(2). The first assignment of error is sustained.
The second assignment of error contends that the trial court erred in not ruling on the issue of the constitutionality of R.C.5715.19(A)(2). We need not reach the merits of this assignment of error in light of our disposition of the first assignment.
Based on the above, we conclude that the decision of the lower court, which affirmed the BOR's dismissal of the tax complaints filed by G.E. in 1995, was unreasonable in light of the circumstances. Accordingly, the court's judgment is reversed and the cause is remanded for further proceedings consistent with law.
Judgment reversed and cause remanded.
 Doan, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] These three school districts, the auditor of Hamilton County and the BOR are the named defendants-appellees.
[2] We note that the record contains discrepancies as to the groupings of the parcel numbers listed for the tax complaints and the corresponding case numbers assigned by the BOR regarding the identity of those parcels that were the subject of the tax complaints ultimately withdrawn and resubmitted by G.E. However, given our ultimate resolution of this assignment of error, any uncertainty as to the matching of a specific parcel number to a specific BOR case number is, essentially, immaterial.
[3] Elkem was decided after the lower court entered judgment in this case and after the parties had submitted their initial set of appellate briefs.