OPINION
Appellant Michael Burkhart appeals the decision of the Belmont County Probate Court denying his motion to vacate the court's prior judgment which named a guardian over the person and estate of his daughter, Daphanie. For the following reasons, the trial court's order is affirmed.
 STATEMENT OF FACTS
Theresa Kinney gave birth to Daphanie in December 1985. Daphanie's birth certificate lists Michael Burkhart as her father. In May 1993, Ms. Kinney and Mr. Burkhart both signed an acknowledgment of paternity which was filed in the probate court. Apparently, Mr. Burkhart and Ms. Kinney worked out a visitation and support arrangement without the need for court intervention. Then, in April 1998, when Daphanie was twelve years old, Ms. Kinney died in an automobile accident. Daphanie and her sixteen year old half-sister moved in with their grandmother, appellee Emma Carpenter, to whom they had lived next door when their mother was alive. (Daphanie's four year old half-sister moved to her father's home). Daphanie began spending approximately half of her time at Mr. Burkhart's house.
On June 15, 1998, Mrs. Carpenter filed an application in the probate court seeking to be appointed as the guardian of Daphanie's estate and person. This application improperly failed to list Mr. Burkhart as Daphanie's father. However, prior to the hearing, Mr. Burkhart became aware of the action and filed a motion to intervene and a motion to dismiss Mrs. Carpenter's application. The motion stated that Mr. Burkhart was not served with process and that Mrs. Carpenter lacked standing and failed to state a claim. Thus, the court continued the hearing and served Mr. Burkhart with notice of the application and the new hearing date.
A guardian ad litem was appointed who conducted home studies and reported her findings to the court. The hearing proceeded on November 10, 1998. Mrs. Carpenter testified with her son translating the sign language. Strangely, none of her answers to the attorneys' questions were transcribed. Mr. Burkhart testified, but none of the witnesses he gathered to support him were permitted to testify. For instance, Daphanie's counselor was present, as were Mr. Burkhart's relatives. The court conducted anin camera interview of Daphanie. Apparently, Daphanie advised the court that she wished to live at Mrs. Carpenter's house.
The court stated that both parties were suitable guardians. The court noted that Mr. Burkhart did not file an application to be appointed guardian. His counsel argued that this was unnecessary because, as the father, he was a natural guardian. The court asked for the issue to be briefed and awarded letters of guardianship to Mrs. Carpenter "in the meantime." (Tr. 20). On November 30, Mr. Burkhart filed the requested trial brief entitled a memorandum in support of motion to dismiss application. He argued that the probate court lacked jurisdiction as jurisdiction was only proper in the juvenile court. He also argued that a parent has a paramount right to custody and, thus, a nonparent may not be appointed guardian of a minor absent a finding that the parent is unsuitable. Mrs. Carpenter filed a memorandum in opposition arguing that a nonparent may be appointed as guardian if such an appointment is in the best interests of the minor.
On December 21, 1998, the court denied Mr. Burkhart's motion and held that it was in Daphanie's best interest that Mrs. Carpenter be appointed as guardian over Daphanie's person and estate. Mr. Burkhart failed to appeal the issuance of the letters of guardianship to Mrs. Carpenter. He also failed to appeal the court's denial of his motion to dismiss Mrs. Carpenter's application. Instead, on January 26, 1999, he filed a motion to vacate the November 10 and December 21 orders. He raised the same arguments as were raised in his post-trial memorandum in support of his motion to dismiss. On March 3, 1999, the court overruled the motion to vacate. It is from this order that the within appeal arises. Mr. Burkhart and Mrs. Carpenter are hereinafter referred to as appellant and appellee, respectively.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignment of error, the first of which alleges:
 "THE PROBATE DIVISION OF THE COMMON PLEAS COURT OF BELMONT COUNTY LACKED SUBJECT MATTER JURISDICTION TO HEAR AND DETERMINE THE CUSTODY OF DAPHANIE NAN KINNEY, A CHILD NOT OTHERWISE A WARD OF ANY COURT OF THIS STATE. AND THE PROBATE DIVISION ERRED IN ITS MARCH 3, 1999, JUDGMENT OVERRULING THE MOTION OF MICHAEL BURKHART, FATHER OF DAPHANIE NAN KINNEY, TO VACATE THE PROBATE DIVISION'S JUDGMENTS OF NOVEMBER 10, 1998, (APPOINTING EMMA CARPENTER AS GUARDIAN OF DAPHANIE NAN KINNEY) AND DECEMBER 21, 1998 (OVERRULING THE MOTION MICHAEL BURKHART TO DISMISS THE APPLICATION OF EMMA CARPENTER FOR APPOINTMENT OF GUARDIAN OF DAPHANIE NAN KINNEY)."
Appellant argues that the probate court lacked subject matter jurisdiction. A judgment rendered by a court lacking subject matter jurisdiction is void ab initio and may be vacated pursuant to the court's inherent power without the need for a motion under Civ.R. 60(B). Patton v. Diemer (1988), 35 Ohio St.3d 68, 70;Westmoreland v. Valley Homes Mut. Hous. Corp. (1975), 42 Ohio St.2d 291,294. Therefore, subject matter jurisdiction may be raised by a party or sua sponte at any stage in the proceedings.In re Byard (1996), 74 Ohio St.3d 294, 296 (reaffirming that the issue of subject matter jurisdiction is not waived even where it is not raised in a timely fashion); Civ.R. 12 (H) (3).
To support his claim that the judgment is void for lack of subject matter jurisdiction, appellant relies on the language of R.C. 2151.23 (A) (2) which states, "The juvenile court has exclusive original jurisdiction * * * [t]o determine the custody of any child not a ward of another court of this state." He explains that Daphanie was not a ward of the probate court until the letters of guardianship were issued. He then states that a guardianship of the person is essentially a custody determination. Thus, he argues, the juvenile court had exclusive jurisdiction and the probate court lacked jurisdiction to appoint a guardian.
From the foregoing contentions of appellant, we can glean the ultimate issue before this court: Does a probate court have the power to appoint a guardian of the person and estate of a minor child over the objection of the natural parent of said minor child? Pursuant to logic and the plain meaning of applicable statutes, we must answer in the affirmative.
We begin our analysis with R.C. 2111.06 which provides:
 "A guardian of the person of a minor shall be appointed as to a minor having neither father nor mother, or whose parents are unsuitable persons to have the custody and tuition of such minor, or whose interests in the opinion of the court, will be promoted thereby."
The legislative use of the word "or" instead of "and" in the foregoing statute clearly indicates an intent to have three mutually exclusive scenarios invoking the jurisdiction of the probate court relative to the appointment of a guardian for a minor child: (1) there are NO parents; or (2) There are parents or a parent but he or she, or they, are unsuitable to have custody; or (3) there are parents or a parent but a guardian would promote the interests of the minor child.
Accordingly, it is clear that the court may appoint a nonparent guardian of the person of a minor if such appointment is in the best interests of the child. See Masitto v. Masitto (1986),22 Ohio St.3d 63, 66 (confirming that the statute establishes a best interests test). Parental unsuitability is merely one scenario justifying appointment, just as the lack of parents is another. Appellant's argument that he must be found unsuitable as a condition precedent to probate court having jurisdiction, ignores the language of the statute emphasized above. Moreover, the cases cited by appellant arose out of juvenile court and not probate court which is governed by a different set of statutes. See Reynolds v. Goll (1996), 75 Ohio St.3d 121, 123 (limiting the holding to child custody disputes in juvenile court). See, also,In re Perales (1977), 52 Ohio St.2d 89; In re Porter (1996),113 Ohio App.3d 580.
Moreover, under appellant's interpretation of the juvenile court's jurisdiction, the probate court could never appoint a guardian over the person of a minor because the juvenile court would have jurisdiction since guardianship of a person technically involves physical custody. This is an interpretation that is illogical and untenable. Pursuant to R.C. 2101.24(A) (1) (d), the probate court has exclusive jurisdiction to appoint and remove guardians. Masitto, supra at 68. Guardians may be appointed over both the person and the estate of a minor. See, e.g., R.C. 2111.02
(A); 2111.06; 2111.07.
As the probate court explained, this is not a custody action over which the juvenile court would have jurisdiction but is an application for appointment of a guardian over which the probate court has exclusive original jurisdiction.[1] For the foregoing reasons, the probate court had jurisdiction to issue letters of guardianship over the estate and the person of Daphanie. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error provides:
 "THE PROBATE DIVISION OF THE COMMON PLEAS COURT OF BELMONT COUNTY ERRED IN ITS JUDGMENTS OF NOVEMBER 10, 1998 * * * AND DECEMBER 12, 1998 * * * WHERE, AS HERE, THE PROBATE DIVISION ALREADY HAD FOUND AND DETERMINED THAT MICHAEL BURKHART, FATHER AND NATURAL GUARDIAN OF DAPHANIE NAN KINNEY, WAS A SUITABLE PERSON TO HAVE CUSTODY OF HIS DAUGHTER DAPHANIE NAN KINNEY."
The probate court found that it was in the best interests of Daphanie to have appellee appointed as her guardian. Appellant argues that letters of guardianship over the person of a minor cannot be granted to a nonparent absent a finding that the parents are unsuitable. Hence, appellant does not contest the court's factual finding that appointing appellee as guardian was in Daphanie's best interest; rather, appellant contests the court's legal determination that best interests was a proper standard for appointing a nonparent as guardian.
The situations in which guardianships are appropriate are set forth in R.C. 2111.06, which provides:
 "A guardian of the person of a minor shall be appointed as to a minor having neither father nor mother, or whose parents are unsuitable persons to have the custody and tuition of such minor, or whose interests, in the opinion of the court, will be promoted thereby." (Emphasis added).
Considering the plain language of this statute, we fail to see how the court erred in applying the best interests standard.
Furthermore, this assignment of error is dismissed without a full decision on the merits as appellant failed to comply with the Appellate Rules. Pursuant to App.R. 4(A), a notice of appeal shall be filed within thirty days of the receipt of the order or judgment entry which gave rise to the appeal. Appellant never appealed the court's November 10 or December 21, 1998 orders. He merely appealed the court's March 3, 1999 order denying his motion to vacate. We addressed appellant's first assignment of error dealing with subject matter jurisdiction because this issue can be collaterally attacked. However, the argument that the trial court used the wrong standard when it appointed a guardian was waived by failing to file a direct appeal.
It is well-settled that a Civ.R. 60(B) motion for relief cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91
(holding that the appellant improperly attempted to use a vacation motion as a substitute for timely appeal where all claims raised in the vacation motion could have been raised on direct appeal)Doe v. Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128,129, 131 (stating that it is axiomatic that Civ.R. 60(B) shall not be used as a substitute for an appeal). See, also, State ex rel.Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192.
Appellant's arguments under this assignment of error were all raised in the trial court prior to the December 21 judgment entry. As aforementioned, appellant failed to appeal this judgment entry. Appellant's motion for relief "was merely a repetition of allegations which appellant had made while his case was still pending." Buoscio v. Macejko (Sept. 14, 1999), Mahoning App. No. 95 CA 158, unreported, 2. As such, this assignment of error must be dismissed as being improperly raised before this court. SeeElkem Metals Co., Ltd. partnership v. Washington Cty. Bd. of Rev.
(1998), 81 Ohio St.3d 683, 687, quoting Sheldon's Lessee v. Newton
(1854), 3 Ohio St. 494, 498 (which held that there shall be no collateral attack on a judgment rendered by a court with jurisdiction on the basis of mistake of law). See, also, ElyriaTwp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 602
(holding that a Civ.R. 60(B) movant must allege new grounds and may not use arguments that it lost on under the judgment)
As such, appellant failed to timely appeal the issues set forth under this assignment of error. Instead, he improperly attempted to utilize a motion to vacate as a substitute for a direct and timely appeal.
For the foregoing reasons, the order of the trial court denying appellant's vacation motion is hereby affirmed.
Cox, P.J., concurs. Donofrio, J., concurs.
 __________________________ JOSEPH J. VUKOVICH, JUDGE
[1] Appellant did not file a motion in the juvenile court seeking to have Daphanie's custody determined. Such a motion could have invoked the jurisdiction of the juvenile court prior to the time Daphanie became a ward, since once Daphanie became a ward, any action by the juvenile court was precluded under R.C. 2151.23
(A) (2). See Shroyer v. Richmond (1866), 16 Ohio St. 455, 465-466
(stating that jurisdiction of the probate court attaches once an application for guardianship is made), upheld in In re Clendenning
(1945), 145 Ohio St. 82.