[Cite as *Gillis v. Delaware Cty. Bd. of Revision*, 2024-Ohio-2443.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| MARK GILLIS, et al. | JUDGES: |
|  | Hon. Patricia A. Delaney, P.J. |
| Appellees | Hon. William B. Hoffman, J. |
|  | Hon. John W. Wise, J. |
| -vs- |  |
|  | Case Nos. 24 CAH 01 0001 |
| DELAWARE COUNTY BOARD OF | 24 CAH 01 0002 |
| REVISION, et al. | 24 CAH 01 0003 |
|  |  |
| Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Ohio Board of Tax Appeals, Case Nos. 2023-1475, 1476 and 1477

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    June 26, 2024

APPEARANCES:

For Appellees Gillis and Olentangy

KAROL C. FOX
KELLEY A. GORRY
RICH & GILLIS LAW GROUP, LLC
5747 Perimeter Drive
Suite 150
Dublin, Ohio 43017

For Appellees BOR and Auditor

MICHAEL P. CAVANAUGH
ASSISTANT PROSECUTOR
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

For Appellants NorthLake, Powell and Rushmore

NICHOLAS M.J. RAY
LAUREN M. JOHNSON
STEVEN L. SMISEK
MEGAN SAVAGE KNOX
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
Columbus, Ohio 43216

*Wise, J.*

**{¶1}** In these consolidated appeals, Appellants Northlake Summit LLC, Powell Grand Communities LLC, and Rushmore OH Partners LLC, appeal the decisions of the Ohio Board of Tax Appeals denying their motions to dismiss.

**{¶2}** Appellees are the Olentangy Local School Board of Education, Delaware County Auditor, Delaware County Board of Revision, and property owner Mark Gillis.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

*Board of Revision*

**{¶4}** On March 24, 2023, these cases commenced with Appellee Mark H. Gillis, a resident and taxpayer of Delaware County, as a "third-party complainant" pursuant to amended R.C. §5715.19(A), filing three Complaints with the Delaware County Board of Revision (BOR) for tax year 2022, seeking an increase in valuation upon certain real property owned by the following:

**{¶5}** Appellant Northlake Summit LLC, property identified as Delaware County Auditor's Parcel Number 417-220-02-036-001. Appellee Gillis sought an increase in valuation from the Auditor's original value of $24,896,000 to $43,872,000. Mr. Gillis indicated on line 9 of the Complaint that the Subject Property sold on December 18, 2020, for the purchase price of $43,872,000.

**{¶6}** Appellant Rushmore OH Partners LLC, property identified as Delaware County Auditor's Parcel Number 417-412-02-004-005. Appellant Gillis sought an increase in the property's value from $15,952,200 to $26,108,800. Mr. Gillis indicated that the Subject Property sold on June 1, 2021, for the purchase price of $26,108,800.

**{¶7}** Appellant Powell Grand Communities LLC, properties identified as Delaware County Auditor's Parcel Numbers. 319-423-02-001-0007 and 319-423-02-001-008. Mr. Gillis sought an increase in the property's value from $40,194,000 to $70,750,000. Mr. Gillis indicated that the Subject Properties sold on December 18, 2020, for the purchase price of $70,750,000.

**{¶8}** Attached to the Complaints were several documents in support of the recent sales of the property, including, *inter alia*, a Press Release of seller Schottenstein Real Estate Group issued on February 2, 2021, several months after the sale, announcing that Schottenstein had sold three of their developments for a total purchase price of $177 Million. The two Delaware County developments that were sold included "Northlake Summit located at 36/37 and I-71" and "Powell Grand Communities, located on Sawmill Parkway and Seldom Seen Roads." The two Delaware County developments "were sold to Cortland" pursuant to the Press Release. Appellee Gillis also attached two reports from Co-Star, a real estate service used by real estate appraisers and brokers, detailing the sale of the two properties, including the subject properties.

**{¶9}** Shortly after filing the Complaint, Appellee Gillis and Appellee Olentangy Local School District Board of Education (BOE) requested that the BOR invoke its subpoena power pursuant to R.C. §5715.10 and require Appellant Northlake to produce additional documentation relating to the sale, including the purchase contract, settlement statement, and any appraisals prepared for financing in the December, 2020, sale. It also requested the information directly from the property owners, by written request conveyed to their counsel.

{¶10} On July 13, 2023, Appellants each filed motions to dismiss Mr. Gillis' Complaints, asserting that the Complaints failed to meet the jurisdictional requirements of R.C. §5715.19(A)(6) because they did not establish that the parcels either sold in a recent arm's length sale or that the purchase prices were above the statutory threshold required for filing, i.e., $500,000 and 10% above the current true value.

{¶11} On September 20, 2023, the BOR held a consolidated hearing on Mr. Gillis' Complaints. At said hearing, Mr. Gillis and Appellee Board of Education presented the documents attached to their Complaints and contended that they met the jurisdictional thresholds set forth in R.C. §5715.19(A)(6) with the information attached to the complaint and requested that the BOR increase the subject properties true value to $43,800,000.

{¶12} The BOR did not rule on the pending Motions to Dismiss but heard the Complaints and by decision filed September 21, 2023, denied the requested increase in value and retaining the Auditor's original values.

### Board of Tax Authority

{¶13} Mr. Gillis appealed the BOR's decisions to the BTA and filed discovery requests seeking extensive information regarding the subject property.

{¶14} Appellants moved the BTA dismiss the appeals and remand the matter to the BOR with instructions to vacate its decision and dismiss the original complaints for lack of jurisdiction. Appellants argued that Appellees' Complaints did not meet the jurisdictional requirements set forth in R.C. §5715.19(A), which provides:

(6) The legislative authority of a subdivision, the mayor of a municipal

corporation, or a third-party complainant shall not file an original complaint

with respect to property the subdivision or complainant does not own or lease unless both of the following conditions are met:

(a) If the complaint is based on a determination described in division (A)(1)(d) or (e) of this section, the property was (i) sold in an arm's length transaction, as described in section 5713.03 of the Revised Code, before, but not after, the tax lien date for the tax year for which the complaint is to be filed, and (ii) the sale price exceeds the true value of the property appearing on the tax list for that tax year by both ten per cent and the amount of the filing threshold determined under division (J) of this section;

\*\*\*

(J) For the purpose of division (A)(6)(b) of this section, the filing threshold for tax year 2022 equals five hundred thousand dollars. …

**{¶15}** Compliance with *each of* these requirements (arm's length sale, sale price exceeding 10%, $500,000 threshold) is necessary in order for a complaint filed by a legislative authority or third-party complainant with respect to property it neither owns nor leases to vest jurisdiction in the board of revision.

**{¶16}** Appellants also objected to the BOE's discovery requests and moved for a stay of the discovery period.

**{¶17}** Mr. Gillis responded that any alleged deficiency in the record regarding the sale prices in the entity sales was due to Appellants' failure to respond to Mr. Gillis' and the BOE's subpoena requests at the BOR, and that allowing the parties to proceed to discovery would enable Mr. Gillis to present the purchase contracts and settlement

statements substantiating the sale prices. Mr. Gillis contemporaneously objected to Appellants' motions to stay discovery upon the same basis.

**{¶18}** The BTA construed Appellants' motions as motions to remand the matters to the BOR with instructions to dismiss Mr. Gillis' Complaints.

**{¶19}** On December 19, 2023, the BTA issued its Interim Order denying Appellants' motions to dismiss/remand and motions to stay the discovery period. The BTA found it was "unnecessary and premature" for the BTA to consider whether a third party or a political subdivision had complied with the exceptions to R.C. §5715.19(A)(6) until after the matter had gone through the BTA proceedings to merit hearing.

**{¶20}** On January 10, 2024, Appellants commenced appeals from the BTA's December 19, 2023, decision to this Court.

**{¶21}** On January 31, 2024, Appellee Gillis moved to dismiss Appellants' appeals, arguing that the BTA order being appealed was not a final, appealable order.

**{¶22}** On February 13, 2024, Appellants moved to consolidate their three separate appeals. (24 CAH 01 0001, 24 CAH 01 0002, 24 CAH 01 0003).

**{¶23}** By Order dated March 8, 2024, the Court took the motion under advisement and held the ruling in abeyance.

**{¶24}** By Order date March 12, 2024, this Court consolidated the three appeals.

**{¶25}** Appellants raise the following assignments of error:

## ASSIGNMENTS OF ERROR

**{¶26}** "I. THE BTA ERRED IN FINDING THAT MR. GILLIS WAS NOT REQUIRED TO ESTABLISH THAT HE MET THE EXCEPTIONS TO THE STATUTORY PROHIBITION ON FILING A COMPLAINT AT EITHER THE TIME OF FILING WITH OR

BEFORE THE BOARD OF REVISION. ALLOWING MR. GILLIS TO PROCEED THROUGH MERIT HEARING ON APPEAL TO THE BTA IS CONTRARY TO THE GENERAL ASSEMBLY'S EXPRESS PROHIBITION ON THE FILING OF INCREASE COMPLAINTS. R.C. 5715.19(A)(6). BECAUSE HE FAILED TO ESTABLISH THAT HE MET THE THRESHOLD JURISDICTIONAL EXCEPTIONS TO THE FILING PROHIBITION BEFORE THE BOR, MR. GILLIS' COMPLAINT SHOULD HAVE BEEN DISMISSED. *ELKEM METALS CO. V. WASHINGTON CTY. BD. OF REVISION*, 81 OHIO ST.3D 683, 686, 693 N.E.2D 276 (1998).

**{¶27}** "II. THE BTA SHOULD HAVE DISMISSED MR. GILLIS' COMPLAINT BECAUSE HE FAILED TO ESTABLISH BEFORE THE BOR THAT THE ALLEGED TRANSACTION HAD A SALE PRICE ABOVE THE $500,000 AND 10% REQUIRED BY R.C. 5715.19(A)(6)(A)(II). CONTRARY TO THE BTA'S ORDER IN SNIDER CROSSING, R.C. 5715.19(A)(6)(A)(II) IS A JURISDICTIONAL EXCEPTION TO THE FILING PROHIBITION THAT CANNOT BE TREATED AS "UNNECESSARY AND PREMATURE" TO THE BOARD OF REVISION'S JURISDICTION.

**{¶28}** "III. THE BTA ERRED IN FINDING THAT ANY FORM OF TRANSFER IS A SALE THAT WOULD ESTABLISH JURISDICTION UNDER R.C. 5715.19(A)(6). THE ALLEGED TRANSFER MR. GILLIS RELIES UPON IS NOT RECENT "ARM'S LENGTH TRANSACTION" UNDER R.C. 5715.19(A)(6) AND R.C. 5713.03."

**I., II., III.**

**{¶29}** The issue before this Court is whether the Board of Tax Appeals erred in not dismissing Appellee Gillis' Complaints.

**{¶30}** More specifically, Appellants ask this Court to find that the BTA erred by not remanding the matter to the BOR with instructions to dismiss the original complaints. Appellants also ask this Court to find that the BTA erred in permitting the matter to move forward because Appellants' rights would be irreparably harmed by disclosure of non-public information and, once released, such disclosure would foreclose appropriate relief in the future.

**{¶31}** Appellees moved this Court to dismiss the appeals from the BTA's interim orders, arguing that this Court lacks jurisdiction to hear said appeals because the property owners did not appeal final orders.

*Jurisdiction*

**{¶32}** Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, an order must be final before an appellate court may review it. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶14. If an order is not final, then an appellate court has no jurisdiction over it. Id

**{¶33}** Although R.C. §5717.04 provides for appeals from BTA decisions, it does not specifically address the nature of decisions that may be appealed or finality. *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 5. Consequently, to determine whether a BTA decision constitutes a final order, we look to R.C. §2505.02, which lists the types of orders that qualify as final orders. *Id.* Specifically, R.C. §2505.02(B)(2) applies to interim orders issued by the BTA. *Id.* Under that provision,

an order is final if it "affects a substantial right made in a special proceeding." R.C. §2505.02(B)(2).

**{¶34}** A "[s]ubstantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. §2505.02(A)(1). An order affects a substantial right only when it is an order that "if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1994).

**{¶35}** The same fact situation and issues raised herein have recently been considered and decided by the Tenth District Court of Appeals in *Stanley J. Bahorek v. Franklin County Board of Revision et al. and Willows Apartment Community, LLC*, 24AP-14, 24AP-17, 24AP-18, 24AP-19, 24AP-22, 24AP-24, 24AP-25, 24AP-26, 24AP-27, 24AP-26, 24AP-48, 24AP-54 (10th Dist. March 29, 2024), wherein it held:

> Here, the property owners contend that the substantial right impacted by the interim orders is the right to protect their trade secrets and sensitive business information. The property owners claim that the interim orders require them to disclose trade secrets and sensitive information that others can use to the property owners' detriment. But the interim orders only refused to remand with instructions to vacate the BOR decisions; the interim orders did not compel the disclosure of any information or document. True, the interim orders allowed discovery to proceed, thus requiring the property owners to respond to discovery requests. However, the property owners can object to those discovery requests and move for protective orders if the requests seek trade secrets or confidential information, See Ohio Adm. Code §717-

1-12(D) (permitting the BTA to issue protective orders restricting discovery of trade secrets and other confidential information). If the BTA refuses to issue protective orders or mandates the disclosure of protected documents or information, then the property owners can appeal and present the argument they are now making. At this point, the property owners' appeals are premature. Without an order requiring them to disclose trade secrets or other indiscoverable material, their alleged substantial rights are not affected. See *Lollini v. Brown*, 7th Dist. No. 10 JE 8, 2010-Ohio 2697, ¶ 8-9 (holding no substantial right was affected, and no final order existed, where no discovery order requiring the disclosure of confidential or privileged material had yet occurred). Consequently, the interim orders are not final orders under R.C. 2505.02(B)(2).

Some of the property owners also argue that the interim orders are final orders under R.C. 2505.02(B)(4), which provides that an order granting or denying a provisional remedy is a final order if both of the following apply

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

This argument, like the first argument, relies on the erroneous presumption that the interim orders require the property owners to release

sensitive business information the property owners argue that they will not be afforded a meaningful remedy by an appeal following a final order if they must turn over sensitive business information in discovery. They assert that once such information is handed over, the harm cannot be undone. As we explained above, the interim orders do not require the disclosure of any document or information. Consequently, we are not persuaded by the property owners' argument, and we conclude that the interim orders are not final orders under R.C. 2505.02(B)(4)

For the foregoing reasons, we determine that we lack jurisdiction over these Appeals because the BTA's interim orders are not final orders, and we thus grant the motions to dismiss

{¶36} Upon review, we agree with the Tenth District's reasoning in *Bahorek*, *supra*. The BTA's interim orders denying Appellants' Motions to Dismiss/Remand herein are not final appealable orders under R.C. §2505.02(B)(2), and the property owners' appeals are premature.

**{¶37}** Based on the foregoing we grant Appellees' Motion to Dismiss the instant appeal.

**{¶38}** Accordingly, the appeal from the Ohio Board of Tax Appeals is dismissed.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

JWW/kw 0624