[Cite as *Gillis v. Delaware Cty. Bd. of Revision*, 2025-Ohio-1956.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK H. GILLIS, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Appellee, | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| DELAWARE COUNTY BOARD OF | : | Case No. 24 CAH 11 0099 |
| REVISION, DELAWARE COUNTY | : | |
| AUDITOR, OLENTANGY LOCAL SCHOOLS | : | |
| BOARD OF EDUCATION and OHIO TAX | : | |
| COMMISSIONER, | : | |
| | : | |
| Appellees, | : | O P I N I O N |
| | : | |
| and, | : | |
| | : | |
| POWELL GRAND COMMUNITIES, LLC, | : | |
| | : | |
| Appellant. | : | |

CHARACTER OF PROCEEDING:        Appeal from the Ohio Board of Tax
Appeals, Case No. 2024-0880

JUDGMENT:        Dismissed

DATE OF JUDGMENT:        May 30, 2025

APPEARANCES:

For Appellees Gillis and Olentangy Local
Schools Board of Education

KELLEY A. GORRY
KAROL C. FOX
Rich & Gillis Law Group, LLC
5747 Perimeter Dr., Suite 150
Dublin, Ohio 43017

For Appellee Ohio Tax Commissioner

HONORABLE DAVID A. YOST
Ohio Attorney General
30 E. Broad St., 14th Floor
Columbus, Ohio 43215

For Appellees Delaware County Auditor
and Board of Revision

MICHAEL P. CAVANAUGH
Assistant County Prosecutor
145 N. Union St., 3rd Floor
Delaware, Ohio 43015

For Appellant Powell Grand Communities,
LLC

NICHOLAS M.J. RAY
LAUREN M. JOHNSON
STEVEN L. SMISECK
MEGAN SAVAGE KNOX
Vorys, Sater, Seymour and Pease LLP
52 E. Gay St., P.O. Box 1008
Columbus, Ohio 43215-1008

*Baldwin, P.J.*

**{¶1}** Powell Grand Communities, LLC, the appellant, appeals the trial court's decision denying the appellant's request for a protective order. The appellees are Mark H. Gillis, the Olentangy Local School Board of Education, the Delaware County Board of Revision ("BOR"), the Delaware County Auditor, and the Ohio Tax Commissioner.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On March 22, 2024, Appellee Gillis filed a tax year 2023 complaint on parcel number 319-423-02-001-007 and 319-423-02-001-008, "the properties," seeking an increase in its value from $50,633,400 to $70,750,000. The Olentangy Local Schools Board of Education also filed a complaint with an attached press release and co-star report.

**{¶3}** The appellant filed a motion to dismiss with the BOR asserting Appellee Gillis's complaint failed to meet the jurisdictional requirements of R.C. 5715.19(A)(6) because he failed to establish that the property sold in a qualifying arm's length sale or that the purchase price was above the statutory threshold required for filing.

**{¶4}** The BOR held a hearing on the complaint. Appellee Gillis only presented the evidence that he attached to his complaint. The appellant argued that he failed to meet the jurisdictional requirements of R.C. 5715.19(A)(6).

**{¶5}** The BOR issued a decision in which it retained the Auditor's original values.

**{¶6}** Appellee Gillis appealed the BOR's decision to the Board of Tax Appeals and filed discovery requests seeking information regarding the subject property.

**{¶7}** The appellants moved the Board of Tax Appeals ("BTA") to dismiss the appeal and remand the matter to the BOR with instructions to vacate its decision and dismiss the original complaints for lack of jurisdiction. The appellants argued that Appellee

Gillis's complaint did not meet the jurisdictional requirements set forth in R.C. 5715.19(A), which provides, in pertinent part:

(6) The legislative authority of a subdivision, the mayor of a municipal corporation, or a third-party complainant shall not file an original complaint with respect to property the subdivision or complainant does not own or lease unless both of the following conditions are met:

(a)     If the complaint is based on a determination described in division (A)(1)(d) or (e) of this section, the property was (i) sold in an arm's length transaction, as described in section 5713.03 of the Revised Code, before, but not after, the tax lien date for the tax year for which the complaint is to be filed, and (ii) the sale price exceeds the true value of the property appearing on the tax list for that tax year by both ten per cent and the amount of the filing threshold determined under division (J) of this section;

* *

(J) For the purpose of division (A)(6)(b) of this section, the filing threshold for tax year 2022 equals five hundred thousand dollars.

{¶8}    The appellant also objected to the appellees' discovery requests, moving for a stay of the discovery period.

{¶9}    The BTA issued an interim order denying the appellant's motion to dismiss/remand and motion to stay the discovery period. The BTA found the motion to be premature until the matter had gone through the Board of Tax Appeals proceedings.

{¶10}  The appellant filed a notice of appeal, appealing the BTA's decision.

{¶11}  On January 31, 2024, Appellee Gillis moved to dismiss the appellant's appeal as the BTA's decision was not a final appealable order.

{¶12}  This Court agreed, dismissing the appellant's appeal.

{¶13} The appellant then sought a protective order, arguing that the BTA proceedings would subject the property owner to costly and time-consuming litigation, resulting in sensitive business information being unnecessarily released into the public record.

{¶14} The BTA denied the appellant's request for a protective order.

{¶15} The appellant filed a timely appeal and raised the following four assignments of error:

{¶16} "I. THE BTA ERRED IN FINDING THAT MR. GILLIS WAS NOT REQUIRED TO ESTABLISH THAT HE MET THE EXCEPTIONS TO THE STATUTORY PROHIBITION ON FILING A COMPLAINT AT EITHER THE TIME OF FILING WITH OR BEFORE THE BOARD OF REVISION. ALLOWING MR. GILLIS TO PROCEED TO A MERIT HEARING ON APPEAL TO THE BTA IS CONTRARY TO THE GENERAL ASSEMBLY'S EXPRESS PROHIBITION ON THE FILING OF INCREASE COMPLAINTS. R.C. 5715.19(A)(6). BECAUSE MR. GILLIS FAILED TO ESTABLISH THAT HE MET THE THRESHOLD JURISDICTIONAL EXCEPTIONS TO THE FILING PROHIBITION BEFORE THE BOR, MR. GILLIS' [sic] COMPLAINT SHOULD HAVE BEEN DISMISSED. *Elkem Metals Co. v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 686 (1998)."

{¶17} "II. THE BTA SHOULD HAVE DISMISSED MR. GILLIS' [sic] COMPLAINT BECAUSE HE FAILED TO ESTABLISH BEFORE THE BOR THAT THE ALLEGED TRANSACTION HAD A SALE PRICE ABOVE THE $500,000 AND 10% REQUIRED BY R.C. 5715.19(A)(6)(a)(ii). CONTRARY TO THE BTA'S ORDER IN *SNIDER CROSSING*, R.C. 5715.19(A)(6)(a)(ii) IS A JURISDICTIONAL EXCEPTION TO THE FILING PROHIBITION THAT CANNOT BE TREATED AS "UNNECESSARY AND PREMATURE" TO THE BOARD OF REVISION'S JURISDICTION."

**{¶18}** "III. THE BTA ERRED IN FINDING THAT ANY FORM OF TRANSFER IS A SALE THAT WOULD ESTABLISH JURISDICTION UNDER R.C. 5715.19(A)(6). THE ALLEGED TRANSFER MR. GILLIS RELIES UPON IS NOT A QUALIFYING "ARM'S LENGTH TRANSACTION" UNDER R.C. 5715.19(A)(6) AND R.C. 5713.03.

**{¶19}** "IV. THE BTA ERRED IN FAILING TO GRANT A PROTECTIVE ORDER TO PROVIDE THE PROPERTY OWNER MINIMAL SAFEGUARD FROM THE DISCOVERY OF SENSITIVE BUSINESS INFORMATION WHEN THE BOR AND THE BTA'S JURISDICTION WAS UNDER CHALLENGE."

**{¶20}** Appellee Gillis moved this Court to dismiss the appeals from the BTA's interim order, arguing that this Court lacks jurisdiction to hear the appeal because the appellant did not appeal from a final order.

## JURISDICTION

**{¶21}** Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, an order must be final before an appellate court may review it. *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶14. If an order is not final, an appellate court has no jurisdiction over it. *Id.*

**{¶22}** "Although R.C. 5717.04 provides for appeals to the court of appeals from BTA decisions, it does not specifically address the nature of decisions that may be appealed or finality." *Gillis v. Delaware Cnty. Bd. of Revision*, 2024-Ohio-2443 (5th Dist.), ¶33. Therefore, we look to R.C. 2505.02 to determine whether a BTA decision constitutes a final order. *Southside Community Dev. Corp. v. Levin*, 2007-Ohio-6665, ¶5. R.C. 2505.02(B)(2) applies to interim orders issued by a BTA. *Id.* Under R.C. 2505.02(B)(2),

an order is final if it "affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2).

**{¶23}** A "[s]ubstantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Whether or not an order affects a substantial right is determined by a two-prong test. *Cleveland Clinic Found. v Levin*, 2008-Ohio-6197. The order must implicate a substantial right, and if the order is not immediately appealable, the party would be foreclosed from obtaining appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

**{¶24}** The appellant fails to identify the substantial right implicated by the BTA's order by reference to the right's legal source. Instead, the appellant merely contends this court acknowledged in our prior decision that they have a substantial right to protect sensitive business information. The appellant has misconstrued our decision. We did not determine that the appellant had a substantial right in our prior decision; we acknowledged that the appellant alleged a substantial right, but that alleged right was not affected by the BTA's order.

**{¶25}** The appellant also argues the BTA's interim orders are final under R.C. 2505.02 because the Supreme Court of Ohio found R.C. 1333.61 provides a remedy for protecting trade secrets. *Cleveland Clinic Found. v Levin*, 2008-Ohio-6197. However, this case is distinguishable from *Cleveland Clinic Found.* In this matter, the appellant did not seek protective orders on trade-secret grounds. Therefore, *Cleveland Clinic Found.* is not applicable to this case.

**{¶26}** Finally, the appellant argues that the interim order is a final order under R.C. 2505.02(B)(4) because it is an order granting or denying a provisional remedy that

determines the action and the party would not be afforded a meaningful or effective remedy by appeal following the final judgment.

{¶27} Provision remedies are "proceeding[s] ancillary to an action[.]" This includes the discovery of confidential information. R.C. 2505.02(A)(3); *Fravel v. Columbus Rehab. & Subacute Inst.*, 2015-Ohio-5125 (10th Dist.).

{¶28} An appellant need not conclusively prove the material at issue in a discovery dispute is confidential as a precondition to appellate review. *DMS Constr. Ents. v Homick*, 2020-Ohio-4919 (8th Dist.), ¶43. Such a requirement would force an appellate court "to decide the merits of the appeal in order to determine whether it has the power to hear and decide the merits of the appeal." *Bennett v. Martin*, 2009-Ohio-6195 (10th Dist.), ¶35. Therefore, an appellant must present only a colorable claim that the documents or information subject to a discovery order are confidential for the order to involve a provisional remedy. *Fravel* at ¶6. An appellant "must make a plausible argument that is based on the particular facts at issue." *Homick* at ¶44.

{¶29} In the case at bar, the appellant does not argue that the BTA's interim orders granted or denied a provisional remedy. Instead, the appellant merely contends that this Court's prior decision "acknowledged that under R.C. 2505.02(B)(4) the forced discovery of 'sensitive business information' would be relevant to an appeal from the denial of" a protective order." (The appellants' Memo Contra Mot. to Dismiss at 9). In our previous decision, we rejected the appellant's argument only on the issue that the appellant could not obtain a meaningful or effective remedy by an appeal following final judgment, as the interim order at issue did not require the appellant to turn over any documents or information. Given the limited scope of our prior holding, the appellant cannot rely on it to establish that the BTA's interim order now granted or denied the appellant a provisional remedy.

**{¶30}** The BTA's interim order at issue compelled the appellant to produce documents and information in discovery. However, in order to qualify as denying the appellant a provisional remedy, the interim order would have to compel the property owners to produce privileged or confidential documents or information. *Fravel* at ¶6; *Bennett* at ¶33.

**{¶31}** The appellant failed to provide facts to support their allegation that the appellees sought confidential financial and business information. The appellant, therefore, has not appealed from an order granting or denying a provisional remedy. Therefore, the BTA's interim order is not a final order under R.C. 2505.02(B)(4).

**{¶32}** Based on the foregoing reasons, we grant the appellees Motion to Dismiss the instant appeal.

**{¶33}** Accordingly, the appeal from the Ohio BTA is dismissed.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.

*Popham, concurs separately -* D-24-99

**{¶34}** I concur in the majority's finding that the BTA's interim order denying appellant's motion for protective order is not a final appealable order. I write separately to point out that the BTA denial of a motion for protective order, particularly one that is as broad as appellant's, does not compel the production of any discovery. Rather, it is not until the BTA settles the discovery dispute and determines the action as to the provisional remedy, vis-à-vis with an order compelling interrogatory responses, admissions, or production of documents, that a final appealable order exists. See, *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.* 2010-Ohio-1640 (5th Dist.) For this reason, I too dismiss the appeal from the Ohio BTA.